IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARIO HAMPTON,

    Plaintiff,

vs.                               No. 07-2771-JDB/dkv

MARK LUTTRELL,

    Defendant.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
(DOCKET ENTRY #2)
AND ASSESSING FILING FEE IN ACCORDANCE WITH PLRA
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
(DOCKET ENTRY #3)
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Mario Hampton, booking number 6138899, an inmate at the Shelby County Criminal Justice Center ("Jail"),[1] filed a complaint under 42 U.S.C. § 1983, along with motions to proceed in forma pauperis and for appointment of counsel. The Clerk of Court shall record Defendant as Mark Luttrell, Jr.

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

Plaintiff properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement. The motion to proceed in forma pauperis is GRANTED in accordance with the terms of the PLRA. (D. E. #2).

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court.

On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. <u>Motion for Appointment of Counsel</u>

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. <u>See</u> <u>Lavado v. Keohane</u>, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." <u>Id.</u> at 605-06.

In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. <u>See</u> <u>id.</u> at 606; <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the <u>pro se</u> litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. <u>See</u> <u>Lavado</u>, 992 F.2d at 604-05; <u>Maclin v. Freake</u>, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is

4

justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law."). As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2]

The Court concludes that an appointment of counsel is not warranted. Plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED. (D. E. #3)

III. Analysis of Plaintiff's Claims

Hampton's statement of facts is as follows, in its entirety:

Mark Luttrell is over the security of the Jail it [sic] his responsibility to provide supervision for the inmate in the facility. it [sic] should be no way that A [sic] Inmate [sic] get attack [sic] . The date of the attack 9-30-07 [sic] the attack after that one happen 11-9-07 [sic]

Plaintiff alleges that he was told his claims were nongrievable when he attempted to filed grievances.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

---

[2] The Second Circuit has elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

5

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2).[3] Hampton's complaint is subject to dismissal in its entirety.

Luttrell cannot be held liable on the basis of his supervisory position at the Jail. There is no respondeat superior liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984) (liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). Plaintiff has claimed no direct involvement by this Defendant in the alleged attacks.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

IV. Appeal Issues

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to

---

[3] To the extent Plaintiff's exhibits and allegations are insufficient to demonstrate total exhaustion, the Court screens his complaint under 42 U.S.C. § 1997e(c)(2).

determine that a complaint should be dismissed prior to service on the defendant, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[4] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 30th day of April, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4] The appellate filing fee is $455.